IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER M. WELLS AND )
LESLIE M. WELLS, on behalf of )
Their son, MATTHEW WELLS, )
)
        Plaintiffs, )
)
      v. )     1:23CV412
)
THE MOORE COUNTY SCHOOLS )
BOARD OF EDUCATION and )
JEFFREY LEE LYNCH, )
)
        Defendants. )

**ORDER**

On August 15, 2024, the United States Magistrate Judge's Opinion and Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). The Moore County Schools Board of Education (the "Board") filed objections within the time limits prescribed by section 636, and Plaintiffs filed a response. (Docs. 33, 35.) Consistent with the Magistrate Judge's Recommendation, Plaintiffs also moved for leave to file an amended complaint that names the real party in interest and seeks punitive damages against only Defendant Jeffrey Lee Lynch. (Doc. 32.) The Board opposes Plaintiffs' motion. (Doc. 37.)

Lynch, proceeding pro se, also filed objections to the Recommendation. (Doc. 34.) Lynch's objections do not make any specific challenge to the Recommendation — perhaps because the Recommendation does not address Plaintiffs' claims against him.

Plaintiffs filed a response to his objections. (Doc. 36.) As Plaintiffs noted in their response, Lynch did not file a motion to dismiss and was not a party to the Board's motion to dismiss.[1] (Doc. 36 at 2.) The plain text of section 636(b)(1)(C) states that "any party may serve and file written objections" to a Magistrate Judge's recommended ruling. See also Fed. R. Civ. P. 72(a)(stating that "a party may serve and file specific written objections" to a Magistrate Judge's recommendation) (emphasis added). Because the court has not been referred to any authority indicating that a party cannot object to a Magistrate Judge's recommendation that does not concern his claims, and because nothing in Lynch's objections changes the substance of the court's ruling, the court has considered Lynch's objections.

The Board's objections raise three principal arguments. First, the Board contends that the Magistrate Judge should have applied the standard outlined in Sellers ex rel. Sellers v. School Board, 141 F.3d 524 (4th Cir. 1998), to Plaintiffs' claims under the Americans with Disabilities Act and the Rehabilitation Act instead of the standard employed in Shirey ex rel. Kyger v. City of Alexandria School Board, 229 F.3d 1143 (4th Cir. 2000)

---

[1] Perhaps in response to Plaintiffs' observation, Lynch filed a motion to dismiss today, September 30, 2024. (Doc. 38.) It is not ripe for decision.

2

(unpublished table decision).  Second, the Board argues that the Magistrate Judge should have applied a "but for" causation standard to Plaintiffs' ADA claims rather than a "motivating factor" causation standard.  Third, the Board argues that the Magistrate Judge should have applied a "deliberate indifference" standard to Plaintiffs' request for compensatory damages and that Plaintiffs failed to meet that standard.  After conducting a de novo review of each of these objections, the court concludes that none has merit.

Even assuming the Board is correct that the Sellers standard applies to the Plaintiffs' ADA and Rehabilitation Act claims, Plaintiffs have sufficiently pleaded facts that plausibly support the conclusion that the Board's actions amounted to "bad faith or gross misjudgment."[2]  141 F.3d at 529.  Plaintiffs allege that the Board "continually disregarded Lynch's statements of concern" that he was ill-equipped to teach Matthew Wells.  (Doc. 20 ¶ 9.)  They contend that Lynch told Board agents that he was reluctant to work

---

[2] In Sellers, the Fourth Circuit held that a plaintiff must demonstrate "bad faith or gross misjudgment" to prevail on a Rehabilitation Act claim "in the context of education of handicapped children."  Sellers, 141 F.3d at 529.  But in Shirey, the Fourth Circuit noted that Sellers "dealt specifically with the development of appropriate Individualized Education Plans (IEP's) for disabled children."  229 F.3d at *4.  Accordingly, although the allegations in Shirey dealt "with the education of handicapped children, insofar as the activities in question [took] place in a school and [were] directed at disabled children," the court declined to apply the heightened Sellers standard.  Id.

with Matthew on three separate occasions. (Doc. 20 ¶¶ 87, 93, 98-100.) Nevertheless, Lynch was repeatedly directed to continue working with Matthew. (Doc. 20 ¶ 100.) Eventually, Lynch thrust the legs of a metal chair at Matthew and struck him "with an open hand across his face and neck." (Doc. 20 ¶¶ 104-05.) Matthew's teacher informed two of the Pinecrest school's assistant principals and the school resource officer about the incident. (Doc. 20 ¶¶ 110, 112.) Even so, Plaintiffs assert that Lynch returned to work the next day and was assigned as a teaching assistant ("TA") for a different classroom until he "voluntarily resigned" later that day. (Doc. 20 ¶¶ 128-29.)

Plaintiffs also allege other misconduct. First, they contend that the Board did not tell Matthew's parents that Lynch struck Matthew. (Doc. 20 ¶ 118, 120.) In the wake of the incident, Plaintiffs repeatedly sought information about it from Pinecrest employees. (Doc. 20 ¶ 116 (alleging Plaintiffs asked Pinecrest's principal "if something was wrong" on the day of the incident); ¶ 120 (alleging that Plaintiffs asked Matthew's teacher for information about the incident the next day); ¶ 121 (alleging Plaintiffs emailed Pinecrest's principal but received no reply); ¶ 122 (alleging Plaintiffs called Pinecrest's principal and explicitly asked about the incident); ¶ 124 (alleging Plaintiffs asked Matthew's teacher about the incident again after the Moore

4

County Police Department reported that Matthew was assaulted). But at every turn, the Board's agents allegedly declined to provide information about the incident. (Doc. 20 ¶¶ 118, 125-27.) Plaintiffs assert that Board, acting in bad faith, intentionally concealed the incident from them and sought to capitalize on Matthew's inability to "verbalize what had occurred." (Doc. ¶ 115.)

Second, Plaintiffs allege that Matthew's educational experience worsened after the incident. Plaintiffs claim that prior to the incident, Matthew "would frequently join other students in a group setting for his learning." (Doc. 20 ¶ 58.) But after the incident, he "was almost always isolated from his peers and forced to spend the vast majority of his time alone with only his teacher and a TA." (Doc. 20 ¶ 59.) While the Board characterizes the change as additional support "in the form of increased time with only his teacher and a TA," Plaintiffs argue that a reasonable fact finder could conclude that such a significant alteration to Matthew's schooling without his "parents' knowledge or involvement" was a gross misjudgment or done in bad faith. K.D. ex rel. J.D. v. Starr, 55 F. Supp. 3d 782, 791 (D. Md. 2014)(citing N.T. v. Balt. City Bd. Of Sch. Comm'rs., No. JKB-11-356, 2011 WL 3747751, at *6-8 (D. Md. Aug. 23, 2011) (unpublished)).

5

At this stage, Plaintiffs have plausibly alleged that the
Board's actions amounted to "bad faith or gross misjudgment." <u>See</u>
<u>Sellers</u>, 141 F.3d at 529; <u>see also</u> <u>L.P. ex rel. J.P. v. Wake County</u>
<u>Board of Education</u>, No. 5:20-CV-481, 2022 WL 2813038, at *4 n.5
(E.D.N.C. July 18, 2022) (unpublished).

As for the applicable causation standard, the Magistrate
Judge identified and applied the appropriate standards to
Plaintiffs' ADA and Rehabilitation Act claims. As the
Recommendation noted, the Fourth Circuit has declined to abrogate
<u>Baird ex rel. Baird v. Rose</u>, 192 F.3d 462 (4th Cir. 1999), and has
continued to apply the motivating factor standard to ADA Title II
claims. <u>Neal v. East Carolina University</u>, 53 F.4th 130, 150 (4th
Cir. 2022). <u>Accord</u> <u>Bone v. Univ. of North Carolina Health Care</u>
<u>Sys.</u>, No. 1:18-cv-994, 2021 WL 395547, at *10 (M.D.N.C. Feb. 4,
2021) (unpublished), <u>report and recommendation adopted</u>, 2021 WL
3196437 (M.D.N.C. Mar. 31, 2021) (unpublished). The Magistrate
Judge concluded that Plaintiffs pleaded that Matthew was
discriminated against "solely" because of his disability, which
was sufficient to satisfy the causation standard of both the ADA
and Rehabilitation Act. <u>See Thomas v. Salvation Army S. Territory</u>,
841 F.3d 632, 641 (4th Cir. 2016) (noting that the Rehabilitation
Act's causation requirement is stricter than that of Title II of
the ADA); (Doc. 30 at 18.). The complaint alleges that if Matthew

6

had not been disabled, he would not have been assigned Lynch as his TA, Lynch would not have used force on him, he would not have been sequestered from his peers in the wake of the incident, and he would not have been required to attend a different school. (Doc. 20 ¶¶ 148–49, 154–55, 157, 164–65, 170, 181—82.) Thus, the complaint plausibly alleges that the Board discriminated against Matthew solely on the basis of his disability.

Lastly, Plaintiffs plausibly pleaded that the Board was deliberately indifferent to ongoing violations of Matthew's federal rights. Like the Magistrate Judge, the court assumes, without deciding, that Plaintiffs must demonstrate the Board was deliberately indifferent to violations of the ADA and Rehabilitation Act to recover compensatory damages. (Doc. 30 at 22.) Deliberate indifference is "knowledge that a federal protected right [was] substantially likely to be violated" and a "failure to act despite that knowledge." Koon v. North Carolina, 50 F.4th 398, 405 (4th Cir. 2022) (citations omitted). Plaintiffs plausibly pleaded both elements. They assert that Jane Cummings, the director of Pinecrest's program for students with disabilities, and Ms. Cobb, Matthew's teacher, knew that Lynch was apprehensive about teaching Matthew. (Doc. 20 ¶¶ 87–88, 93, 98–100.) Lynch told Cummings that he was unequipped to serve as Matthew's TA after he received background information regarding

7

Matthew's condition. (Doc. 20 ¶¶ 87–88.) After he began working with Matthew, Lynch "almost immediately" expressed discomfort with the arrangement to Cobb and reiterated his concerns to Cummings. (Doc. 20 ¶¶ 93, 98–99.) Despite Lynch's vocal reticence, Cummings sent Lynch back to work with Matthew. (Doc. 20 ¶ 100.) In sum, Plaintiffs allege that Cummings, "an official with authority to address [Matthew's] problem," had knowledge that Matthew's federal rights pursuant to the ADA and Rehabilitation Act were at risk while Lynch was in his classroom but failed to take appropriate corrective action. Koon, 50 F.4th at 407. At this stage of the litigation, that suffices. Whether Plaintiffs can demonstrate that the Board's response to Lynch's actions amounted to deliberate indifference remains for another day.

The Board also argues that Plaintiffs should not be granted leave to file an amended complaint because the amendment would be futile. (Doc. 37.) Relying on the same arguments it made in its motion to dismiss Plaintiffs' existing complaint, the Board contends that Plaintiffs' proposed second amended complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 37 at 2–3.) The Board concedes that the only differences between the proposed amended complaint and the existing complaint are that the proposed complaint "substitutes Matthew as the real party in interest with his parents as his next

friends," as suggested by the Magistrate Judge, and "clarifies the punitive damages claim is against [Lynch], not the Board." (Doc. 37 at 2.) Otherwise, the Board concedes that the "substantive allegations" of the proposed second amended complaint are identical to those of the current complaint. (Doc. 37 at 2.)

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend a complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). After that period, a party may amend only with either the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(1)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). While district courts have discretion to grant or deny a motion to amend, the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted); Foman, 371 U.S. at 182 (same).

A claim may be futile "if the proposed change advances a claim or defense that is legally insufficient on its face," in which

case "the court may deny leave to amend." <u>Williams v. Little Rock</u> <u>Mun. Water Works</u>, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur Miller, Fed. Prac. & Proc.: Civil, § 1487, at 637 (1991)) (alterations adopted); see <u>Joyner v. Abbott</u> <u>Laboratories</u>, 674 F. Supp. 185, 190 (E.D.N.C. 1987) (same). "To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a claim." <u>Amaya</u> <u>v. DGS Constr., LLC</u>, 326 F.R.D. 439, 451 (D. Md. 2018) (citing <u>Katyle v. Penn Nat'l Gaming, Inc.</u>, 637 F.3d 462, 471 (4th Cir. 2011)). In other words, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" <u>Pugh v. McDonald</u>, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

Plaintiffs' proposed amendment is not futile. The Magistrate Judge and this court have already concluded that the allegations (which do not differ from those of the current complaint) survive the Board's motion pursuant to Rule 12(b)(6). Plaintiffs' proposed amended complaint, which merely substitutes the named party in interest and drops a claim that the Magistrate Judge concluded (and the Board concedes) should be dismissed, does not alter that conclusion. Accordingly, Plaintiffs' motion for leave to file a second amended complaint (Doc. 32) will be granted.

10

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination, which is in accord with the Magistrate Judge's report. The objections are therefore overruled, and the court adopts the Recommendation as noted herein.

IT IS THEREFORE ORDERED that Defendant Moore County Schools Board of Education's Motion to Dismiss Amended Complaint (Doc. 23) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as it relates to Plaintiffs' claim for punitive damages against the Board, but otherwise is DENIED.[3]

IT IS FURTHER ORDERED that Plaintiffs' motion for leave to amend their complaint (Doc. 32) is GRANTED. Plaintiffs are DIRECTED to file their proposed second amended complaint filed with its motion for leave to amend (Doc. 32-1) forthwith.

　　　　　　　　　　　　　　/s/　Thomas D. Schroeder
　　　　　　　　　　　　United States District Judge

September 30, 2024

---

[3] Plaintiffs' proposed second amended complaint implements the Recommendation's finding as to the punitive damages claim and does not include such a claim against the Board. (Doc. 32-1.) It does, however, continue to seek punitive damages from Lynch. (Doc. 32-1 at 35.)

11