## Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement and Release of Claims Agreement ("**Agreement**") is effective as of the "**Effective Date**" (as hereafter defined) and is entered into by and between Moore County Schools Board of Education ("**Defendant Board**") and Matthew Wells, by and through his parents, Christopher M. Wells and Leslie M. Wells, acting as his next friends and guardians ("**Plaintiffs**"). Defendant Board and Plaintiffs are collectively referred to as the "**Parties**" and individually as a "**Party**."

**WHEREAS,** Plaintiff Matthew Wells was a student in Moore County Schools in Moore County, North Carolina.

**WHEREAS,** Plaintiffs filed a lawsuit against Defendant Board and Defendant Jeffrey Lynch in the United States District Court for the Middle District of North Carolina, styled *Matthew Wells, by and through his parents, next friends, and guardians Christopher M. Wells and Leslie M. Wells,* Civil Action No. 1:23-cv-000412-UA-JLW (the "**Action**") alleging certain claims related to his education with Defendant Board.

**WHEREAS,** Plaintiffs and Defendant Board desire to resolve all claims, actions, issues, and controversies between and among them;

**NOW, THEREFORE,** in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1. No Admission of Liability. Nothing in this Agreement shall be construed to be an admission by Defendant Board of any wrongdoing or noncompliance with any federal, state, or local rule, ordinance, constitution, statute, contract, public policy, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever.

2. Payment. In consideration of Plaintiffs' execution of and compliance with this Agreement, including Plaintiffs' waiver and release of claims in Section 4, Defendant Board agrees to pay the total sum of TWO-HUNDRED THOUSAND DOLLARS and 00/100 CENTS ($200,000.00) to Plaintiffs within thirty (30) days of the Court Approval described in Section 6 below. Plaintiffs agree and acknowledge the adequacy of this consideration.

The payment outlined in this Section 2 shall be payable by check to "The Trust Account of K&L Gates, LLP" and delivered to Plaintiffs' legal counsel, K&L Gates, LLP, 430 Davis Drive, Suite 400, Morrisville, North Carolina 27560 for distribution to Plaintiffs in accordance with the terms and understandings between them and consistent with the Court's approval as outlined in Section 6 below.

The Plaintiffs have determined, and the Defendant Board does not oppose, the allocation of this $200,000.00 settlement amount as follows: $56,000 (less a contingency fee) to Matthew Wells, and the remainder as attorney fees recoverable under the applicable statutes.

Plaintiffs agree and acknowledge that Defendant Board and its counsel have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received by Plaintiffs pursuant to this Agreement. The Parties understand that Plaintiffs are solely responsible for paying all applicable taxes arising from and related to the payments provided to Plaintiffs hereunder. Plaintiffs agree to indemnify Defendant Board against the payment of any

taxes, interest, penalties, and other liabilities or costs that may be assessed on the payments provided hereunder.

3. Public Statement. In consideration of Plaintiffs' execution of and compliance with this Agreement, including Plaintiffs' waiver and release of claims in Section 4, and after the Court Approval outlined in Section 6 below, Defendant Board agrees to do the following as it relates to **Exhibit A**, which is attached hereto and incorporated herein:

(a) The statement in Exhibit A will be read out loud at a regularly scheduled Board meeting;

(b) The statement in Exhibit A will be copied and entered into the minutes of the Board meeting at which the statement is read; and

(c) The statement in Exhibit A will be posted as an announcement on the Announcement section of the Moore County School System website.

4. General Release and Waiver of Claims. In exchange for the consideration provided by Defendant Board in this Agreement, Plaintiffs, for themselves, their heirs, and assigns, hereby release and forever discharge Defendant Board, the North Carolina School Boards Association, and the North Carolina School Boards Trust, and the Board of Trustees of the North Carolina Schools Boards Trust (collectively, the "**Released Parties**"), and the Released Parties' predecessors, successors, assigns, affiliates, officers, agents, employees, reinsurers, and legal representatives, from any and all claims and demands, whether known or unknown, of any kind or nature, which Plaintiffs have, or may have, arising out of or in any way relating to the Action and the dispute described above and accruing on or before the date of settlement (i.e. July 15, 2026). This includes, but is not limited to:

(a) any and all claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, Individuals with Disabilities Education Act (IDEA), all state and local laws that may be legally waived, all including any amendments and their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner; and

(b) any and all claims for monetary or equitable relief, including but not limited to damages, attorneys' fees and costs, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties.

Plaintiffs covenant and agree that they have not assigned, transferred or conveyed in any manner all or any part of their legal claims or legal rights against Defendant Board in connection with the matters described above. This general release and waiver of claims contained in Section 4 shall be binding upon Plaintiffs and their heirs and assigns, and shall inure to the benefit of the Released Parties and their predecessors, successors, assigns, affiliates, officers, agents, employees, reinsurers, and legal representatives.

Likewise, in exchange for the dismissal of the lawsuit, the Defendant Board hereby releases Matthew Wells and his parents from any and all claims and demands, whether known or unknown, of any kind or nature, this the Board Defendant may have, or may have, arising out of or in any way relating the the Action and the dispute described above and accruing on or before the date of settlement (i.e. July 15, 2026).

5. Indemnification.

(a) Medical Expenses and Leins. Plaintiffs have confirmed that there are no outstanding government or private liens, claims or demands for expenses and services paid for or provided to Plaintiffs, or any unpaid bills owed for medical or related services rendered to Matthew Wells. and have so represented that to Board Defendants, with Board Defendants' reliance thereon in entering into this Agreement. Alternatively, Plaintiffs agree that in the event there are such liens, claims or demands, or any such unpaid medical bills which are outstanding, including, but not limited to liens or subrogation rights arising from the receipt of medical services, public assistance, or Medicare or Medicaid benefits in relation to the matters underlying the Action, that they shall be paid solely by Plaintiffs from the sum received pursuant to this Agreement. Plaintiffs shall provide Board Defendants' counsel with written proof of satisfaction of any such liens. Further, Plaintiffs agree to defend, indemnify, and hold harmless Board Defendants and Released Parties for and from any and all expenses incurred by Plaintiffs related to any claim by any lienholder to enforce any such lien, claim or demand. The Parties agree that it is not the purpose of this Agreement to shift responsibility for any future medical expenses arising from this matter to the Medicare system. Instead, this Agreement is intended to resolve a dispute between the Plaintiffs and Board Defendants. In order to ensure compliance with Medicare and applicable federal regulations, Plaintiffs acknowledge that, if applicable, Plaintiffs or their attorney have reported this claim to the Centers for Medicare and Medicaid Services (CMS). Plaintiffs acknowledge that, if applicable, Medicare will be reimbursed out of these settlement proceeds for any and all conditional payments that may be made in the future related to the events, incidents, or subsequent actions giving rise to this lawsuit, in compliance with the applicable federal statutes and regulations, including but not limited to, 42 C.F.R. §§ 411.22, 411.24, 411.25, 411.37, and 1395y.

6. Court Approval. The Parties acknowledge and agree that this Agreement requires the approval of the Court due to the resolution of claims relating to Matthew Wells. Following execution of this Agreement, including the Board approval contemplated in Section 8 below, the Parties will immediately jointly petition the Court for approval of this Agreement. In the event that the Court declines to approve this Agreement, then this Agreement shall be void in all respects.

7. Withdrawal and Stipulation of Dismissal. The Parties shall jointly file a stipulation of dismissal with prejudice of the Action and all allegations, claims, charges, actions, complaints, lawsuits, appeals, and proceedings that Plaintiffs have instituted against Defendant Board within 10 days of the Court's approval of the Agreement. Defendant Board's obligations under this Agreement are expressly conditioned on the United States District Court for the Middle District of North Carolina's order approving this settlement.

8. Board Approval. The Parties understand and agree that this Agreement shall not be effective unless and until approved by the Moore County Schools Board of Education at a duly called meeting of that governing board. Attorneys for the Defendant Board shall submit it for approval at the next regularly scheduled meeting of the board.

9. Successors and Assigns. Defendant Board may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Defendant Board and its successors and assigns. Plaintiffs shall not assign this Agreement in whole or in part. Any purported assignment by Plaintiffs shall be null and void from the initial date of the purported assignment.

10. Governing Law, Jurisdiction, and Venue. This Agreement and all matters arising out of or relating to the Action, whether arising in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of the United States, as applicable; and if state law is incorporated by federal law, then it shall be governed by and construed in accordance with the laws of North Carolina, without regard to any conflicts of laws principles that would require the laws of any other jurisdiction (other than the United States) to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in either the U.S. District Court for the Middle District of North Carolina or in state court located in the state of North Carolina, County of Moore. The Parties hereby irrevocably submit to the exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

11. Entire Agreement. This Agreement contains all of the understandings and representations between Defendant Board and Plaintiffs relating to the Action and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding the Action.

12. Representation of Authority and Authorization. Each party represents and warrants that it is duly authorized to give this complete and final release and discharge, subject to approval of this Agreement by the Moore County Schools Board of Education and the United States District Court for the Middle District of North Carolina.

13. Modification and Waiver. No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiffs and by Defendant Board. No waiver by any Party of any breach by the other shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

14. Severability. If any provision of this Agreement is found by a court or arbitral authority of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the Parties.

15. Interpretation. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be

construed by reference to the caption or heading of any section or paragraph. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

16. Counterparts. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

17. Notices. All notices under this Agreement must be given in writing by regular mail or receipted email at the addresses indicated below.

Notice to Defendant:

Maya H. Weinstein
mweinstein@brookspierce.com
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P.O. Box 1800
Raleigh, NC 27602

Notice to Plaintiff:

G. Norman Acker, III
Norman.acker@klgates.com
K&L GATES
P.O. Box 1420
Research Triangle Park, NC 27709

**DRAFTING OF DOCUMENT AND RELIANCE BY THE PARTIES.**

In negotiating and drafting this Agreement, each Party has been represented by counsel of its choice and has been advised by that counsel regarding the propriety and legal effect of executing this Agreement. The Parties warrant, represent, and agree that they are not relying on the advice of any other party to this Agreement, or any agent, employee, or attorney employed by or representing any other party, regarding any legal or other consequences arising from the negotiation or execution of this Agreement. Neither this Agreement nor the compromise and settlement reflected herein was induced by fraud, coercion, compulsion, mistake, or reliance by any Party on any statement or representation by any released party or that party's representatives, agents, or attorneys.

**(SIGNATURE PAGE TO FOLLOW)**

4912-2674-1440.v1

**IN WITNESS WHEREOF**, each of the undersigned have hereunto set their hands and seals, with the intention that this be a sealed instrument, conditioned upon the approval of the Moore County Schools Board of Education.

CHRISTOPHER M. WELLS, as parent, next friend and guardian of Matthew Wells

_______________________(SEAL)

Date: 27 Jul 2026

LESLIE M. WELLS, as parent, next friend and guardian of Matthew Wells

Leslie M Wells (SEAL)

Date: 27 July 2026

MOORE COUNTY SCHOOLS BOARD OF EDUCATION

By: _______________ Ed.D. (SEAL)

Date: August 10, 2026

This instrument has been preaudited in the manner required by the Local Government Budget and Fiscal Control Act.

_______________________

Finance Officer

4912-2674-1440.v1

**Exhibit A**

The Moore County Schools Board of Education and the Wells Family have settled the pending Federal lawsuit in which the Wells alleged that a teacher assistant assaulted their son, Matthew, a non-verbal special needs child who was a student at Pinecrest High School. Although the evidence is unclear as to whether an assault actually took place, the School System acknowledges that Matthew Wells appeared upset to witnesses who viewed him after the alleged incident. The School System apologizes to Matthew and his parents for the delay of two weeks in notifying the family. The School System is implementing same day parent notification for serious incidents, requiring crisis prevention certification for staff working with students with disabilities, commissioning a thorough review of its programs, and providing family centered supports. In particular, a student's parents will be notified any time that police or emergency services is called because of an alleged assault or any potential criminal activity involving that student. A copy of the Settlement Agreement can be obtained upon request from the Moore County School System.